UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DOAN,<br><br>        Plaintiff,<br><br>    v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., et al.,<br><br>        Defendants. | No. 2:16-cv-2350-KJM-KJN PS<br><br><br>ORDER |

       On August 30, 2016, plaintiff William Doan, proceeding without counsel, commenced this action for violations of California wage and hour laws and declaratory relief against defendants American International Group, Inc. ("AIG"), Variable Annuity Life Insurance Company ("VALIC"), Rayne Meaders, Mitchell Underwood, and Susan Granholm in the Sacramento County Superior Court.[1]  Subsequently, on September 30, 2016, defendants removed the action to federal district court, invoking the court's diversity of citizenship jurisdiction.  (ECF No. 1.)

       Thereafter, on October 7, 2016, defendants also filed a motion to compel arbitration and stay the action, which is presently set for hearing on November 10, 2016.  (ECF No. 6.)  In short,

---

[1] The actual employee who was allegedly paid improperly is Ashley Margaret Walrath, but Ms. Walrath has apparently assigned her claims to plaintiff.

1  defendants' motion is premised on the contention that plaintiff, as part of her application for
2  employment with AIG and/or its subsidiary VALIC, agreed to arbitrate any employment-related
3  claims.  Plaintiff has opposed that motion and filed a motion to strike certain evidence submitted
4  by defendants in connection with the motion to compel arbitration.  (ECF Nos. 15, 16.)  However,
5  plaintiff also filed objections to defendants' removal of the action to federal court.  (ECF No. 12.)
6  Thus, before reaching the motion to compel arbitration, the court is required to address plaintiff's
7  objections to removal.
8  　　　　Plaintiff first argues that the arbitration agreement is void pursuant to California Labor
9  Code section 229.  However, that argument, even if successful, relates to the enforceability of the
10 arbitration agreement, and has no impact on whether the action was properly removed to federal
11 court.
12 　　　　Plaintiff next contends that the court actually lacks diversity of citizenship jurisdiction,
13 because plaintiff and one of the defendants (Rayne Meaders) are citizens of California.
14 Defendants' notice of removal concedes that Meaders is a citizen of California, but argues that
15 Meaders's citizenship should be ignored under the fraudulent joinder doctrine.  For the reasons
16 discussed below, the court agrees.
17 　　　　"Fraudulent joinder, we have noted, is a term of art.  Joinder of a non-diverse defendant is
18 deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of
19 determining diversity, if the plaintiff fails to state a cause of action against a resident defendant,
20 and the failure is obvious according to the settled rules of the state.  Further, the defendant is
21 entitled to present the facts showing the joinder to be fraudulent."  Morris v. Princess Cruises,
22 Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (internal citations and punctuation omitted).
23 　　　　In this case, plaintiff alleges that defendant Rayne Meaders, who resides in California, is
24 an employee and corporate officer of AIG and VALIC, whose official title is Regional Director of
25 Administration for the Northwest Region.  (ECF No. 1-2 at 3, ¶ 2.)  According to plaintiff, Ms.
26 Meaders and the other individual defendants, acting as officers and employees of AIG and
27 VALIC, delayed and failed to properly pay Ms. Walrath's wages, and/or failed to intervene on
28 behalf of Ms. Walrath to promptly correct any errors in wage payment.  (See generally ECF No.

1-2.) However, it is well established under California law that individual agents of an employer cannot be held liable for unpaid wages. See Martinez v. Combs, 49 Cal. 4th 35, 66 (2010) (holding that California's wage and hour laws do not impose liability on "individual corporate agents acting within the scope of their agency"). As such, plaintiff's claims for violations of California wage and hour laws, as well as the accompanying claim for declaratory relief, are obviously not viable against defendant Meaders. Consequently, defendant Meaders' presence in the lawsuit is ignored and does not destroy the court's diversity of citizenship jurisdiction.[2]

Plaintiff also contends that the court should decline to exercise jurisdiction over the case, because there is no federal interest in adjudicating a state law dispute. That argument lacks merit, because federal courts are frequently called upon to decide questions of state law in diversity cases. Furthermore, contrary to plaintiff's contention, the court may not remand a removed case that properly invokes the court's diversity of citizenship jurisdiction simply because plaintiff does not wish to have the case heard in federal court.

Finally, in his opposition to the motion to compel arbitration, plaintiff suggests that this court may be deprived of its jurisdiction because of a "recent development." (ECF No. 15 at 3.) Plaintiff explains that, during a recent post-removal "meet and confer" meeting with defendants' counsel, plaintiff examined records provided by defendants' counsel and determined that the wage claims may be lower than what was claimed in the operative complaint. (Id.) More specifically, plaintiff claims that the amount in controversy is now about $42,000.00, which is substantially less than the statutory requirement of exceeding $75,000.00 for diversity of citizenship jurisdiction. (Id.)

---

[2] In a declaration submitted along with the notice of removal, Meaders also states that she has no payroll duties, does not set wages, and has no role in the payment of wages or the decision to pay wages. According to Meaders, her only role in this wage dispute was that Ms. Walrath approached Meaders in her capacity as Regional Director of Administration to ask if Meaders could assist her with the payroll dispute. Meaders purportedly sent e-mails to the appropriate employees in AIG to help Ms. Walrath and acted as no more than a go-between to escalate the issue in an effort to solve Ms. Walrath's problems. (ECF No. 1-5.) Plaintiff does not offer any definitive alternative version of facts concerning Meaders' role, but broadly suggests that Meaders' role in the matter is a disputed factual issue for the court to determine at a later juncture. Nevertheless, even if the court construes all facts in plaintiff's favor, plaintiff fails to state a claim against Meaders as an agent of AIG or VALIC, for the reasons discussed above.

Plaintiff is mistaken. "The amount in controversy is tested at the time of removal, not as increased or decreased due to later events." Killion v. AutoZone Stores Inc., 2011 WL 590292, at *1 (C.D. Cal. Feb. 8, 2011) (citing Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217-18 (3d Cir. 1999)). Because plaintiff's complaint sought at least $80,000.00 in damages at the time of removal, removal was proper. Any subsequent reduction in the amount claimed will not destroy diversity jurisdiction and the court cannot compel a remand to state court. Plaintiff's only option to pursue an action in state court would be to file a request for voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), and to re-file an action in state court seeking less than the jurisdictional amount. If that is plaintiff's desire, the court will provide plaintiff with a brief opportunity to do so. However, if plaintiff declines to do so, the court will proceed to consider the merits of the pending motion to compel arbitration.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objections to removal (ECF No. 12) are OVERRULED.
2. If plaintiff wishes to dismiss this federal action, he shall file a notice of voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within fourteen (14) days of this order.
3. If plaintiff does not file a notice of voluntary dismissal, defendants shall file a reply to plaintiff's opposition to the motion to compel arbitration no later than December 1, 2016. The reply brief shall also address plaintiff's motion to strike (ECF No. 16). No further briefing will be permitted by any party unless specifically requested by the court.
4. The November 10, 2016 hearing is VACATED. If necessary, the court will schedule a hearing on the motion to compel arbitration upon completion of the written briefing.

IT IS SO ORDERED.

Dated:  October 31, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE